_Brahim Muhammad_
Name
_80107_
Prison Number
_Lovelock Correctional Center_
Place of Confinement



FILED ___
ENTERED ___
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 23 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

"COPY RETURNED"

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

_Brahim Muhammad_____, Petitioner, )
(Full Name)                          )
                  vs.                )
_Warden Tim Garrett_____, Respondent, )
(Name of Warden, Superintendent, jailor or )
authorized person having custody of petitioner) )
                                     )
                 and                 )
                                     )
The Attorney General of the State of Nevada____ )

CASE NO. ____ 3:22-cv-00142
(To be ...)

**PETITION FOR A**
**WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2254**
**BY A PERSON IN STATE CUSTODY**
**( NOT SENTENCED TO DEATH)**

-------------------------------------------------

1.   Name and location of court, and name of judge, that entered the judgment of conviction you are
     challenging: _Second Judicial District Court, Honorable Kathleen McReilu Drakulich_ .

2.   Full date judgment of conviction was entered: _07 / 03 / 2019_ . (month/day/year)

3.   Did you appeal the conviction? _X_ Yes ___ No. Date appeal decided: _09 / 04 / 2019_ .

4.   Did you file a petition for post-conviction relief or petition for habeas corpus in the state court?
     _X_ Yes ___ No. If yes, name the court and date the petition was filed: _Second Judicial_
     _District Court_   _09 / 30 / 2019_ . Did you appeal from the denial of the petition for
     post-conviction relief or petition for writ of habeas corpus? _X_ Yes ___ No. Date the appeal
     was  decided: _01 / 11 / 22_ . Have all of the grounds stated in this petition been presented to the
     state supreme court? _X_ Yes ___ No. If no, which grounds have not? _____
     _____

5.   Date you are mailing (or handing to correctional officer) this petition to this court: ___ / ___ / ___ .
     **Attach to this petition a copy of all state court written decisions regarding this conviction.**

LCC LL FORM 36.068

6.  Is this the first federal petition for writ of habeas corpus challenging this conviction?   X Yes
___ No.   If no, what was the prior case number ? _____.   And in what court was

the   prior action filed? _____.

Was the prior action ___ denied on the merits  or ____ dismissed for procedural reasons  (check
one). Date of decision: _____ / ___ / ___.   Are any of the issues in this petition raised in the
prior petition?   ___ Yes ___ No.   If the prior case was denied on the merits, has the Ninth
Circuit Court of Appeals given you permission to file this successive petition? ___ Yes ___ No.

7.  Do you have any petition, application, motion or appeal (or by any other means) now pending in
any court regarding the conviction that you are challenging in this action?   X Yes ___ No.
If yes, state the name of the court and the nature of the proceedings: *Second Judicial*
*District Court ; Motion To Reduce Sentence ; Alternative To Prison etc*  .

8.  Case number of the judgment of conviction being challenged: *CR18-1944*  .

9.  Length and terms of sentence(s): *60 months to 180 months*  .

10. Start date and projected release date: *01-29-2018 ; PED 9/17/23      Expo 9/12/25*.

11. What was (were) the offense(s) for which you were convicted: *N.R.S 200.380 :*
*Category B Felony ( Robbery )*  .

12. What was your plea? X Guilty ___ Not Guilty ___ Nolo Contendere. If you pleaded guilty
or nolo contendere pursuant to a plea bargain, state the terms and conditions of the agreement:

_____

13. Who was the attorney that represented you in the proceedings in state court?  Identify whether
the attorney was appointed, retained, or whether you represented yourself *pro se* (without counsel).

| | Name of Attorney | Appointed | Retained | *Pro se* |
|---|---|---|---|---|
| arraignment and plea | *Jarred Hickman* | X | | |
| trial/guilty plea | *Jarred Hickman* | X | | |
| sentencing | *David Niedert* | X | | |
| direct appeal | *Karim Muhammad* | | | X |
| 1st post-conviction petition | *Karla Kay Bako* | X | | |
| appeal from post conviction | *Karla Kay Bako* | X | | |
| 2nd post-conviction petition | | | | |
| appeal from 2nd post-conviction | | | | |

2

State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 1

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my 14th , 5th _____ Amendment right to the United States Constitution, based on these facts:

The Federal Constitution guarantee that I receive Due Process and Equal Protection of the Law, which were violated when the STATE COURTS failed to grant me relief and/or an EVIDENTIARY HEARING upon a timely filed Post Conviction pursuant to NRS CHAPTER 34 w/ supportive documents and factual meritorious claims. Before sentencing, I presented several mitigating letters to former attorney Jarred Hickman who failed to either transmit and/or submit all character reference documents to the Courts and succeeding attorney, David Niedert. After notifying David Niedert of the missing mitigating documents, he failed to investigate and adequately address the matter before and during sentencing. By not presenting all mitigating documents, I was deprived of a fair and impartial Sentencing. Consequently, I was given the maximum term of 180 months denying me Equal Protection of the Law. N.R.S 200.380 the crime of Robbery is probational or imprisonment from a minimum of 24 months to the maximum term of 180 months. The character letters would have attested to my positive contributions to the community, my mentorship with at-risk youth, employment, and academic participation in several colleges. Furthermore, my Presentence Investigation Report (PSI) was submitted to the Courts with a harmful error, stating the allege weapon was a "hand gun" instead of a plastic "toy gun" as the police and Forensic Report conclusively stated. This egregious error in my PSI report will negativ-

Exhaustion of state court remedies regarding Ground 1:

## GROUND 1 cont.

ely impact my Classification status in Nevada Department of Corrections (NDOC) and my chances of parole eligibility since your PSI is a critical instrument and determining your prison classification status and suitability of parole. Both of the aboveaforemention can significantly affect your Life and Liberty. There is also other extenuating circumstances that exist such as my substantial assistance with Reno Police Department (RPD) that lead to the arrest and conviction of two defendants MAX REED & Deyandre Holmes, who are currently incarcerated in Nevada Department of Corrections. Jaffar Richardson, another accomplice, also incarcerated in NDOC, whom I believe has maliciously & intentionally circulated the investigative report i.e Paperwork to several inmates to disclose my involvement and active cooperation in the homicide investigation. The state Courts, armed with this knowledge and potential danger I face, exceeded the recommended 48 to 120 months by the Department of Public Safety / Parole -n- Probation, therefore exposing me to the maximum time of danger. Prison is a hostile and violatile enviroment, and cooperation with Law Enforcement only exacerbates and increases your chances of being in a violent even deadly confrontation. I'm seeking immediate relief from this disregard of my constitutional rights ////

▸     **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes  _X_ No.  If no, explain why not:   _I Filed a direct appeal and my attorney_

_David Neidert Told me to withdraw and File a state Post conviction_.

▸     **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

_X_ Yes  ___ No.  If no, explain why not:   _____

_____

If yes, name of court: _Second Judicial District Court_           date petition filed _09 / 30 / 2019_.

Did you receive an evidentiary hearing?  ___ Yes  _X_ No.  Did you appeal to the Nevada Supreme

Court?_X_ Yes  ___ No.  If no, explain why not:   _____

_____

If yes, did you raise this issue?_X_ Yes  ___ No.  If no, explain why not:   _____

_____

▸     **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes  ___ No.  If yes, explain why:   _____

_____

If yes, name of court: _____           date petition filed ____ / ____ / ____.

Did you receive an evidentiary hearing?  ___ Yes  ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes  ___ No.  If no, explain why not:   _____

If yes, did you raise this issue?___ Yes  ___ No.  If no, explain why not:   _____

_____

▸     **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  _X_ Yes  ___ No.   If yes,

explain:  _I Filed a seperate motion with the District Court which is still pending but_

_apparently couldn't be decided until the Remittitur was issued by the Nevada Supreme Court._

**State concisely every ground for which you claim that the state court conviction and/or sentence is**

4

unconstitutional.  Summarize briefly the facts supporting each ground.  You may attach up to two
extra pages stating additional grounds and/or supporting facts.  You must raise in this petition all
grounds for relief that relate to this conviction.  Any grounds not raised in this petition will likely
be barred from being litigated in a subsequent action.

## GROUND 2

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my
_____6th_____ Amendment right to _United STATes Constitution_,
based on these facts:



My sixth Amendment right to Effective Assistance of Counsel was
denied when former Counsel Jarred Hickman failed to transfer a
full and complete record, containing mitigating documents and charac-
ter reference material to David Niedert. After promptly notifying
my subsequent Counsel David Niedert about the character letters,
he failed to investigate and take appropriate measures to recover
the documents. David Niedert also failed to screen and evaluate
the Presentence Investigation Report (PSI) for accuracy, allowing the PSI
to be submitted in error regarding the weapon that was recovered,
which was a "Toy gun" and not a "hand gun". After Counsel was notified
of this harmful error never took any corrective actions. Counsel was also
ineffective when presenting the gravity and danger of my cooperation with
Law Enforcement to the Courts and how I would be subjected to a
high risk of danger if Sentence to prison. In fact, counsel at one
point was appointed to represent convicted murderer D. Holmes on
appeal while representing me. NDOC is an extremely small prison sys-
tem making it more difficult to constructively, productively, and safely
due my time. Every day I live in fear and anxiety of having an
unfortunate violent encounter with inmates, enforcing "street codes"
and "prison politics" for offering & cooperating with Law enforcement
I'M seeking an immediate resentencing and/or Evidentiary Hearing

Exhaustion of state court remedies regarding Ground 2:

▸    **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes   ___ No.  If no, explain why not: _____

_____.

►     **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

___ Yes   ___ No.  If no, explain why not: _____

_____.

If yes, name of court: _____ date petition filed ___ / ___ / ___ .

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes ___ No.  If no, explain why not: _____

_____.

If yes, did you raise this issue?___ Yes ___ No.  If no, explain why not: _____

_____.

►     **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes   ___ No.  If yes, explain why: _____

_____.

If yes, name of court: _____ date petition filed ___ / ___ / ___ .

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes ___ No.  If no, explain why not: _____

_____.

If yes, did you raise this issue?___ Yes ___ No.  If no, explain why not: _____

_____.

►     **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  ___ Yes ___ No.  If yes,

explain: _____

_____.

**State concisely every ground for which you claim that the state court conviction and/or sentence is**

**unconstitutional.  Summarize briefly the facts supporting each ground.  You may attach up to two**

extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 3

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my _____ Amendment right to _____,

based on these facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Exhaustion of state court remedies regarding Ground 3:**

▸    **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes ___ No.  If no, explain why not:  _____

_____.

▸   **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

___ Yes ___ No.  If no, explain why not:  _____

_____.

If yes, name of court: _____  date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes ___ No.  If no, explain why not:  _____

_____.

If yes, did you raise this issue?___ Yes ___ No.  If no, explain why not:  _____

_____.

▸   **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes ___ No.  If yes, explain why:  _____

_____.

If yes, name of court: _____  date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes ___ No.  If no, explain why not:  _____

_____.

If yes, did you raise this issue?___ Yes ___ No.  If no, explain why not:  _____

_____.

▸   **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  ___ Yes ___ No.  If yes,

explain:  _____

_____.

**WHEREFORE,** petitioner prays that the court will grant him such relief to which he is entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

Rahim Muhammad
(Name of person who wrote this
 complaint if not Plaintiff )

(Signature of Plaintiff)

3/20/22
(Date)

_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at _Lovelock Correctional Center_ on _03/20/22_ .
              (Location)                        (Date)

_____          80707
        (Signature)                  (Inmate prison number)

9

# Nevada Supreme Court Docket Sheet

| Docket: 79223 | MUHAMMAD (RAHIM) VS. STATE | Page 1 |
|---|---|---|

RAHIM MUHAMMAD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

**Case No. 79223**

Consolidated with:

## Counsel

Rahim Muhammad, Carson City, NV, Appellant, in proper person

Attorney General/Carson City, Carson City, NV \ Aaron D. Ford, as counsel for Respondent, The State of Nevada

Washoe County District Attorney, Reno, NV \ Jennifer P. Noble, as counsel for Respondent, The State of Nevada

## Case Information

**Panel:** SNP19
**Disqualifications:**                                     **Panel Members:** Hardesty/Stiglich/Silver
**Case Status:** Disposition Filed/Case Closed
**Category:** Criminal Appeal   **Type:** Other                **Subtype:** Direct/Proper Person
**Submitted:**                         **Date Submitted:**
**Oral Argument:**
**Sett. Notice Issued:**      **Sett. Judge:**                **Sett. Status:**
**Related Court Cases:**

## District Court Case Information

**Case Number:** CR181944

**Case Title:** STATE OF NEVADA VS RAHIM MUHAMMAD

**Judicial District:** Second       **Division:**              **County:** Washoe Co.

**Sitting Judge:** Scott N. Freeman

**Replaced By:**

**Notice of Appeal Filed:** 07/18/19   Appeal          **Judgment Appealed From Filed:** 07/03/19
                          07/26/19   Appeal

## Docket Entries

| Date | Docket Entries | |
|---|---|---|
| 07/23/19 | Appeal Filing Fee waived.  Criminal. (SC) | |
| 07/23/19 | Filed Notice of Appeal/Proper Person. Appeal docketed in the Supreme Court this day. (SC) | 19-030949 |
| 07/30/19 | Filed Notice of Appeal/Proper Person. (Second NOA) (SC) | 19-032119 |
| 07/31/19 | Filed Proper Person Appellant's Notice of Withdrawal of Appeal. (SC) | 19-032307 |
| 09/04/19 | Filed Order Dismissing Appeal. "ORDERS this appeal DISMISSED."  Case Closed/No Remittitur Issued. SNP19-JH/LS/AS. (SC). | 19-037010 |

Tuesday, September 10, 2019   09:59 AM

IN THE SUPREME COURT OF THE STATE OF NEVADA

RAHIM MUHAMMAD,
                              Appellant,
            vs.
THE STATE OF NEVADA,
                              Respondent.

No. 79223

FILED

SEP 04 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
          DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is a pro se appeal from a judgment of conviction. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant has filed a notice to voluntarily dismiss this appeal. This court elects to treat this notice as a motion for a voluntary dismissal of this appeal. Cause appearing, the motion is granted. NRAP 42(b). Accordingly, this court

ORDERS this appeal DISMISSED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                      Silver

---

[1]Because no remittitur will issue in this matter, *see* NRAP 42(b), the one-year period for filing a postconviction habeas corpus petition under NRS 34.726(1) shall commence to run from the date of this order.

Supreme Court
of
Nevada

(O) 1947A

19-37010

cc:     Hon. Scott N. Freeman, District Judge
        Rahim Muhammad
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk



## IN THE SUPREME COURT OF THE STATE OF NEVADA

RAHIM MUHAMMAD,
Appellant,
vs.
ISIDRO BACA, WARDEN; AND THE STATE
OF NEVADA,
Respondents.

Supreme Court No. 81367
District Court Case No. CR181944

**FILED**

JAN 2 5 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### REMITTITUR

TO:   Alicia L. Lerud, Washoe District Court Clerk

Pursuant to the rules of this court, enclosed are the following:

Certified copy of Judgment and Opinion/Order.
Receipt for Remittitur.

DATE: January 11, 2022

Elizabeth A. Brown, Clerk of Court

By: Andrew Lococo
    Deputy Clerk

cc (without enclosures):
    Hon. Kathleen M. Drakulich, District Judge
    Karla K. Butko
    Washoe County District Attorney \ Jennifer P. Noble, Kevin P. Naughton

### RECEIPT FOR REMITTITUR

Received of Elizabeth A. Brown, Clerk of the Supreme Court of the State of Nevada, the
REMITTITUR issued in the above-entitled cause, on _1-14-2022_

District Court Clerk

RECEIVED
JAN 19 2022
ELI:
CLER:

1

22-01117

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RAHIM MUHAMMAD,<br>Appellant,<br>vs.<br>ISIDRO BACA, WARDEN; AND THE STATE<br>OF NEVADA,<br>Respondents. | **Supreme Court No. 81367**<br>District Court Case No. CR181944 |

## CLERK'S CERTIFICATE

STATE OF NEVADA, ss.

I, Elizabeth A. Brown, the duly appointed and qualified Clerk of the Supreme Court of the State of Nevada, do hereby certify that the following is a full, true and correct copy of the Judgment in this matter.

## JUDGMENT

The court being fully advised in the premises and the law, it is now ordered, adjudged and decreed, as follows:

"ORDER the judgment of the district court AFFIRMED."

Judgment, as quoted above, entered this 17th day of December, 2021.

IN WITNESS WHEREOF, I have subscribed my name and affixed the seal of the Supreme Court at my Office in Carson City, Nevada this January 11, 2022.

Elizabeth A. Brown, Supreme Court Clerk

By: Andrew Lococo
    Deputy Clerk

1

# Nevada Supreme Court Docket Sheet

| Docket: 81367 | MUHAMMAD (RAHIM) VS. WARDEN | Page 1 |
|---|---|---|

RAHIM MUHAMMAD,
Appellant,
vs.
ISIDRO BACA, WARDEN; AND THE STATE OF NEVADA,
Respondents.

**Case No. 81367**

Consolidated with:

## Counsel

Karla K. Butko, Verdi, NV, as counsel for Appellant, Rahim Muhammad

Attorney General/Carson City, Carson City, NV \ Aaron D. Ford, as counsel for Respondents, Isidro Baca and The State of Nevada

Washoe County District Attorney, Reno, NV \ Kevin P. Naughton, Jennifer P. Noble, as counsel for Respondents, Isidro Baca and The State of Nevada

## Case Information

**Panel:** CSOP12-21                    **Panel Members:** Hardesty/Herndon/Gibbons

**Disqualifications:**

**Case Status:** Remittitur Issued/Case Closed

**Category:** Criminal Appeal    **Type:** Other          **Subtype:** Post-Conviction

**Submitted:** On Record and Briefs    **Date Submitted:** 12/03/20

**Oral Argument:**

**Sett. Notice Issued:**        **Sett. Judge:**              **Sett. Status:**

**Related Court Cases:**        79223

## District Court Case Information

**Case Number:** CR181944

**Case Title:** STATE VS. RAHIM MUHAMMAD

**Judicial District:** Second    **Division:**          **County:** Washoe Co.

**Sitting Judge:** Kathleen M. Drakulich

**Replaced By:**

**Notice of Appeal Filed:** 06/16/20    Appeal          **Judgment Appealed From Filed:** 05/28/20

## Docket Entries

| Date | Docket Entries | |
|---|---|---|
| 06/23/20 | Appeal Filing Fee Waived. Criminal. (SC) | |
| 06/23/20 | Filed Notice of Appeal. Appeal docketed in the Supreme Court this day. (Docketing statement and Notice of Briefing Schedule mailed to counsel for appellant.) (SC) | 20-023321 |
| 06/29/20 | Filed Docketing Statement Criminal Appeals. (SC). | 20-024014 |
| 06/29/20 | Filed Notice of No Transcript Request. (SC). | 20-024017 |
| 10/13/20 | Filed Appellant's Opening Brief. (SC) | 20-037571 |
| 10/13/20 | Filed Appellant's Appendix - Volume 1 (part 1). (SC) | 20-037572 |
| 10/13/20 | Filed Appellant's Appendix - Volume 1 (part 2) (continued). (SC) | 20-037573 |

Wednesday, January 12, 2022  10:08 AM

# Nevada Supreme Court Docket Sheet

**Docket: 81367**          **MUHAMMAD (RAHIM) VS. WARDEN**                    Page 2

| Date | Description | Number |
|---|---|---|
| 10/13/20 | Filed Appellant's Appendix - Volume 2. (SC) | 20-037574 |
| 10/13/20 | Filed Case Appeal Statement (Criminal). (SC) | 20-037578 |
| 10/15/20 | Filed Appellant's Motion for District Court Clerk to Transmit Presentence Investigation Report. (SC) | 20-037952 |
| 10/16/20 | Filed Order Granting Motion to Transmit Presentence Investigation Report.  Due:  14 days.  (SC) | 20-038163 |
| 11/03/20 | Filed Presentence Investigation Report (SEALED). (SC) | |
| 11/10/20 | Filed Notice of Appearance (Kevin Naughton, Appellate Deputy as counsel for respondent). (SC) | 20-041208 |
| 11/10/20 | Filed Respondent's Answering Brief. (SC) | 20-041209 |
| 12/03/20 | Filed Appellant's Reply Brief. (SC) | 20-043767 |
| 12/03/20 | Submitted for Decision. (SC) | |
| 02/25/21 | Filed Proper Person Notice of Change of Address. (Appellant) (SC) | 21-005589 |
| 04/07/21 | Filed Notice of Change of Address (Rahim Muhammad). (SC) | 21-010063 |
| 05/05/21 | Filed Proper Person Appellant's Notice of Change of Address. (SC) | 21-012907 |
| 08/03/21 | Filed Appellant's Notice of Supplemental Authorities Pursuant to NRAP 31(e). (SC) | 21-022542 |
| 12/17/21 | Filed Order of Affirmance. "ORDER the judgment of the district court AFFIRMED." fn1 [The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.] JH/DH/MG. (SC) | 21-035983 |
| 01/11/22 | Issued Remittitur. (SC) | 22-001117 |
| 01/11/22 | Remittitur Issued/Case Closed. (SC) | |

Wednesday, January 12, 2022   10:08 AM

IN THE SUPREME COURT OF THE STATE OF NEVADA

RAHIM MUHAMMAD,
Appellant,
vs.
ISIDRO BACA, WARDEN; AND THE
STATE OF NEVADA,
Respondents.

No. 81367

**FILED**

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge. Appellant Rahim Muhammad argues that the district court erred in denying his petition as procedurally barred.

Muhammad was convicted pursuant to a guilty plea. In his petition for postconviction habeas relief, Muhammad alleged that counsel provided ineffective assistance during the sentencing hearing. Muhammad specifically argued that counsel should have provided letters of community support and evidence showing his college attendance and public service. The district court concluded that the petition was barred under NRS 34.810(1)(a) because Muhammad pleaded guilty and the petition was "not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." In rejecting Muhammad's petition, the district court did not have the benefit of this court's recent decision in *Gonzales v. State*, 137 Nev., Adv. Op. 40, 492 P.3d 556, 562 (2021). In *Gonzales*, we clarified that a petitioner who pleaded guilty may allege that he or she received ineffective assistance of counsel at sentencing because that claim could not have been raised before entering the plea and barring such a claim would "violate the spirit of our

SUPREME COURT
OF
NEVADA

(1) 1947A

21-35983

habeas statute and the public policy of this state." *Id.* at 562. Accordingly, the district court erred in concluding that NRS 34.810(1)(a) barred Muhammad's petition.

Nevertheless, the district court found that the specific pieces of evidence that Muhammad asserted had not been presented conveyed the same information as the sentencing statement and exhibits that counsel had presented to the sentencing court. Substantial evidence supports this finding, which is not clearly wrong. *See Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (deferring to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but reviewing its application of the law to those facts de novo). In each of Muhammad's claims, he alleges that the omission of the additional evidence prejudiced him. As that mitigation evidence was cumulative, however, Muhammad has not shown that its presentation would have led to a reasonable probability of a different outcome and thus has not shown prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 696-97 (1984) (stating showings required for ineffective assistance of counsel and for its prejudice component and providing that the claim fails if both components are not shown); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Therefore, the district court reached the correct outcome in denying Muhammad's petition without an evidentiary hearing. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (providing that an evidentiary hearing is not warranted where a postconviction habeas petition's factual allegations are "belied or repelled by the record"); *Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 340 (1970) ("If a judgment or order of a trial court reaches the right result,

although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").[1]

Having concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.         _____Sr.J.
Herndon                                 Gibbons

cc:    Hon. Kathleen M. Drakulich, District Judge
        Karla K. Butko
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[1]Insofar as Muhammad argues that counsel should have sought to correct the PSI report to reflect that the gun used was a toy gun and should have challenged systemic racial bias in the judicial system, and that appellate counsel was ineffective for advising him to dismiss his direct appeal, these claims were not raised in the pro se or supplemental habeas petitions filed below. We decline to address them for the first time on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

F I L E D
Electronically
CR18-1944
2021-10-26 11:01:44 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8716498

3700

IN THE SECOND JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA IN AND FOR THE
COUNTY OF WASHOE

RAHIM MUHAMMAD,

               Petitioner,

    vs.

THE STATE OF NEVADA,

               Respondent.

_____/

Case No.:    CR18-1944

Dept. No.:    1

**ORDER STAYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL
PURSUANT TO THE SIXTH AMENDMENT OF THE FEDERAL/STATE
CONSTITUTION AND ALL OTHER APPLICABLE LAWS; STAYING PLAINTIFF'S EX-
PARTE APPLICATION/MOTION TO REDUCE SENTENCE, ALTERNATIVE TO
PRISON, OTHER APPLICABLE OPTIONS; AND STAYING CASE**

    Currently before the Court is Petitioner Rahim Muhammad's ("Petitioner") *Motion for
Appointment of Counsel Pursuant to the Sixth Amendment of the Federal/State Constitution and all
Other Applicable Laws* ("Motion") filed September 1, 2021.  On September 13, 2021, the State of
Nevada ("State") filed an *Opposition to Motion for Appointment of Counsel Pursuant to the Sixth
Amendment of the Federal/State Constitution and all Other Applicable Laws* ("Opposition").[1]

    Also before this Court is Petitioner's *Ex-Parte Application/Motion to Reduce Sentence;
Alternative to Prison; Other Applicable Options* ("Application") filed April 4, 2021. On July 29,
2021, this Court issued its Order for Response, requiring the State to file a response to the Application.

---

[1] The time for Petitioner to file a reply expired on September 20, 2021.  WDCR 12(4). The Motion has not been submitted to the Court.  However, this Court deems it prudent to undertake consideration of the Motion.

1

1    On September 13, 2021, the State filed its *Opposition to Ex-Parte Application/Motion to Reduce*
2    *Sentence; Alternative to Prison; Other Applicable Options* ("Opposition").   On October 1, 2021,
3    Petitioner filed his *Reply to Respondents (sic) Opposition to Ex-Parte Application/Motion to Reduce*
4    *Sentence; Alternative to Prison; Other Applicable Options* ("Reply") and submitted the Application
5    to the Court.

6    **I.      Background**

7    Petitioner pled guilty and was convicted of Robbery. Opp. at 2:2. The Petitioner was sentenced
8    to a minimum term of 60 months imprisonment and a maximum term of 180 months imprisonment
9    pursuant to a Judgment of Conviction filed July 3, 2019. *Id.* at 2:2-4. The Petitioner filed a Notice of
10   Appeal on July 18, 2019, and a second Notice of Appeal on July 26, 2019. *Id.* at 2:5-6. The Petitioner
11   later voluntarily withdrew his appeal. *See* Order Dismissing Appeal, Nevada Supreme Court Docket
12   No. 79223, filed September 4, 2019. On September 30, 2019, the Petitioner filed a Petition for Writ
13   of Habeas Corpus (Post-Conviction).   Opp. at 2:9-10.   Counsel was subsequently appointed on
14   December 3, 2019. *See* Recommendation and Order Appointing Counsel (Post Conviction), filed
15   December 3, 2019. Petitioner's counsel filed a Supplemental Petition for Writ of Habeas Corpus
16   (Post-Conviction) on January 30, 2020.  Opp. at 2:11-12.  The State filed a Motion to Dismiss on
17   March 30, 2020.   *Id.* at 2:12-13.  After briefing, the Court entered an Order Granting Motion to
18   Dismiss on May 28, 2020. *Id.* at 2:13-14. The Petitioner appealed and the matter is currently pending
19   before the Nevada Supreme Court under docket number 81367. *See* Notice of Appeal, filed June 16,
20   2020.

21   **II.     Legal Authority**

22   "Jurisdiction in an appeal is vested solely in the supreme court until the remittitur issues to
23   the district court. Under the relevant statutes, the supreme court has control and supervision of an
24   appealed matter from the filing of the notice of appeal until the issuance of the certificate of
25   judgment." *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994)) (citing NRS 177.155,
26   "The supervision and control of the proceedings on appeal shall be in the appellate court from the
27   time the notice of appeal is filed with its clerk, except as otherwise provided in this title."). Further,
28   the U.S. Supreme Court has noted, "the power to stay proceedings is incidental to the power inherent

in every court to control the disposition of the causes on its docket. . . ." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

### III.  Analysis

#### a.  Motion for Appointment of Counsel Pursuant to the Sixth Amendment of the Federal/State Constitution and all Other Applicable Laws

Petitioner states that on April 2, 2021, and on June 30, 2021, he filed and submitted documents with the Courts. Mot. at 2.[2] He states that he has recently completed the automotive course while incarcerated and that he will now be transferred to the Humbolt (sic) Conservation Camp, unless otherwise reassigned. *Id.* Petitioner contends that the rural camps do not have adequate access to law libraries, research materials, etc., and that requesting and receiving time sensitive materials is important. *Id.* Given safety and security protocols, Petitioner is prevented from knowing when he might be transferred to camp. *Id.*at 3. Petitioner requests the appointment of counsel due to the geographic, logistical, safety and security factors, in order that he may effectively litigate and have easy access to the courts. *Id.*

The State opposes the Motion and contends that Petitioner's filing is a fugitive document and should be ignored. Opp. at 2:20. The State argues that Petitioner has been, and remains, represented by counsel, Karla Butko, and she has not withdrawn as counsel of record. *Id.* at 2:21-23. The State contends that a defendant may not file documents in proper person while they are represented by counsel (citing *generally* Supreme Court Rule 46 (allowing for a change of attorney upon either consent of the attorney with approval of the client or upon order of the court); Second Judicial District Court Criminal Rule 11(2) (requiring that any withdrawal of an attorney be done in writing and must be approved by the court); Washoe District Court Rule ("WDCR") 3(6) (requiring that attorneys representing defendants in criminal cases to serve a motion when desiring to withdraw from a case); WDCR 23(1) ("When a party has appeared by counsel, that individual cannot thereafter appear on his/her own behalf in the case without the consent of the court" and further explaining the process by which an attorney may withdraw or otherwise be replaced); Nevada Rules of Criminal Practice 3(1)

---

[2] The Motion was submitted on unlined paper. Accordingly, line references are not included.

1     ("When a defendant is represented by an attorney, that defendant cannot appear on their own behalf

2     in the case without the consent of the court.")). *Id.* at 2:23-3:11.

3          Next, the State contends that this Court currently lacks jurisdiction. *Id.* at 3:13. Once a notice

4     of appeal has been filed, jurisdiction is vested solely in the Supreme Court (citing *Buffington v. State*,

5     110 Nev. 124, 126, 868 P.2d 643, 644 (1994)). *Id.* at 3:13-20. The State notes that Petitioner filed a

6     Case Appeal Statement (Criminal) on October 13, 2020, and that the appeal is still pending before the

7     Nevada Supreme Court. *Id.* at 3:20-21. Therefore, jurisdiction is currently solely vested in the

8     Nevada Supreme Court. *Id.* at 3:22.

9          Finally, the State argues that the Motion ignores that Petitioner currently enjoys the benefit of

10    being represented by appointed counsel yet, fails to explain why he has filed documents in pro per,

11    his authority for doing so, or why he believes that a new appointment of counsel is necessary. *Id.* at

12    3:23-4:2.

13         Having viewed and considered the pleadings and the relevant legal authority, this Court finds

14    good cause to stay consideration of the Motion. As noted by the State, this case in on appeal to the

15    Nevada Supreme Court and this Court no longer has jurisdiction. *Szluha v. State*, No. 78210, 2020

16    WL6955680, at *1 (Nev. Nov. 25, 2020) ("The district court erred in several respects in its resolution

17    of the petition. First, the district court did not have jurisdiction to amend the May 30 written order

18    because jurisdiction over the proceedings had been vested in this court by the filing of the notice of

19    appeal") (citing *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994) ("Jurisdiction in an

20    appeal is vested solely in the supreme court until the remittitur issues to the district court. Under the

21    relevant statutes, the supreme court has control and supervision of an appealed matter from the filing

22    of the notice of appeal until the issuance of the [remittitur].") *Id.* Petitioner filed a Case Appeal

23    Statement (Criminal) on October 13, 2020, and that the appeal is still pending before the Nevada

24    Supreme Court. Therefore, jurisdiction is currently solely vested in the Nevada Supreme Court until

25    remittitur occurs. *See Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1134 (1998) (stating

26    "The purpose of a remittitur, aside from returning the record on appeal to the district court, is twofold:

27

28

1  it divests [the Nevada Supreme Court] of jurisdiction over the appeal and returns jurisdiction to the

2  district court, and it formally informs the district court of this court's final resolution of the appeal.").[3]

3
   ### b.  Ex-Parte Application/Motion to Reduce Sentence; Alternative to Prison;
4  ### Other Applicable Options

5      Petitioner states that the Application is intended "to secure a reduction in sentence, and

6  alternate to prison by way of programs, community service, house arrest, halfway house, drug court,

7  sober living house, etc., etc.," App. at 2.[4]  The Application was filed to "protect, secure, and ensure"

8  Petitioner's "overall well being (sic) (mental, pshychological (sic), emotional, social, physical)

9  especially due to the extenuating circumstances such as coronavirus."  *Id.*  Petitioner contends that he

10 is being subject to violent attacks and labeled a "snitch" because of his cooperation with police.  *Id.*

11 He is unable to sleep and suffers from anxiety and is "proposing to pay a $7,000 fine upfront in

12 conjunction w/the reduction of sentence and other available remedies."  *Id.*

13     The State reiterates the arguments that it set forth in the Opposition related to the Application

14 being a rogue document, Petitioner's current representation by counsel and this Court's lack of

15 jurisdiction because Petitioner has appealed his case to the Nevada Supreme Court. *See generally*

16 Opp.

17      Having viewed and considered the pleadings and the relevant legal authority, this Court finds

18 good cause to stay consideration of the Application on the same basis that it stayed the Motion

19 namely, Petitioner's appeal is still pending before the Nevada Supreme Court where jurisdiction is

20 currently solely vested.

21     Based upon the foregoing and good cause appearing,

22     IT IS HEREBY ORDERED that further proceedings in this case are stayed.  Accordingly, no

23 motions will be entertained until a remittitur from the Supreme Court is filed in this matter.  Until the

24 remittitur is filed, any motions submitted for decision, including the above-mentioned *Motion for*

25 *Appointment of Counsel Pursuant to the Sixth Amendment of the Federal/State Constitution and all*

26
   ---
27 [3] Regarding Petitioner's appointment of counsel, it is worth noting that Petitioner was in fact appointed counsel in 2019.
   *See* Recommendation and Order Appointing Counsel (Post Conviction), filed December 3, 2019.  Petitioner has never
   expressed dissatisfaction with his counsel before or after she filed a Supplemental Petition for Writ of Habeas Corpus
28 (Post-Conviction) on January 30, 2020, on Petitioner's behalf.  Petitioner has never sought to remove his counsel.
   [4] The Motion was submitted on unlined paper.  Accordingly, line references are not included.

1  *Other Applicable Laws Motion for Order Forfeiting Deductions of Time Earned*, and the above-

2  mentioned *Ex-Parte Application/Motion to Reduce Sentence; Alternative to Prison; Other Applicable*

3  *Options* will be held in abeyance without further order from the Court.  Once the remittitur is filed,

4  Petitioner may resubmit the motions for decision.

5  IT IS SO ORDERED.

6  DATED this 26ᵗʰ day of October, 2021.

7

8  KATHLEEN M. DRAKULICH
   DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

CASE NO. CR18-1944

I certify that I am an employee of the SECOND JUDICIAL DISTRICT COURT of the STATE OF NEVADA, COUNTY OF WASHOE; that on the 26th day of October, 2021, I electronically filed the **ORDER STAYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO THE SIXTH AMENDMENT OF THE FEDERAL/STATE CONSTITUTION AND ALL OTHER APPLICABLE LAWS; STAYING PLAINTIFF'S EX-PARTE APPLICATION/MOTION TO REDUCE SENTENCE, ALTERNATIVE TO PRISON, OTHER APPLICABLE OPTIONS; AND STAYING CASE** with the Clerk of the Court by using the ECF system.

I further certify that I transmitted a true and correct copy of the foregoing document by the method(s) noted below:

**Electronically filed with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:**

KEVIN NAUGHTON, ESQ. for STATE OF NEVADA

DAVID NEIDERT, ESQ.

KELLY KOSSOW, ESQ. for STATE OF NEVADA

DIV. OF PAROLE & PROBATION

KARLA BUTKO, ESQ. for RAHIM MUHAMMAD

**Deposited in a sealed envelope with postage for mailing using the United States Postal Service in Reno, Nevada:**

RAHIM MUHAMMAD (80707)
LOVELOCK CORRECTIONAL CENTER
1200 PRISON ROAD
LOVELOCK, NV 89419

Daquelle Redmond
Department 1 Judicial Assistant

F I L E D
Electronically
CR18-1944
2020-05-29 09:16:24 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7898716

1    **CODE 2540**

2

3

4

5          IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

6                      IN AND FOR THE COUNTY OF WASHOE

7

8    STATE OF NEVADA,                               Case No: CR18-1944

9                           Plaintiff,              Dept. No:  1

10        vs.

11

12   RAHIM MUHAMMAD,

13                           Defendant.
                                           /
14   _____

15                       NOTICE OF ENTRY OF ORDER

16

17        PLEASE TAKE NOTICE that on May 28, 2020, the Court entered a decision or

18   order in this matter, a true and correct copy of which is attached hereto.

19        Dated May 29, 2020.

20

21                                         JACQUELINE BRYANT
                                           _____
22                                         Clerk of the Court

23                                         /s/N. Mason
                                           _____
24                                         N. Mason-Deputy Clerk

25

26

27

28

**CERTIFICATE OF SERVICE**

Case No. CR18-1944

   Pursuant to NRCP 5 (b), I certify that I am an employee of the Second Judicial District Court; that on May 29, 2020, I electronically filed the Notice of Entry of Order with the Court System which will send a notice of electronic filing to the following:

KEVIN P. NAUGHTON, ESQ. for STATE OF NEVADA
DIV. OF PAROLE & PROBATION
CHRISTOPHER DAY, ESQ. for STATE OF NEVADA
DAVID K. NEIDERT, ESQ.
KARLA BUTKO, ESQ. for RAHIM MUHAMMAD (TN)

   I further certify that on May 29, 2020, I deposited in the Washoe County mailing system for postage and mailing with the U.S. Postal Service in Reno, Nevada, a true copy of the attached document, addressed to:

Attorney General's Office
100 N. Carson Street
Carson City, NV 89701-4717

Rahim Muhammad (#80707)
Northern Nevada Correctional Center
P. O. Box 7000
Carson City, NV 89702

   The undersigned does hereby affirm that pursuant to NRS 239B.030 and NRS 603A.040, the preceding document does not contain the personal information of any person.

   Dated May 29, 2020.

          /s/N. Mason
          N. Mason- Deputy Clerk

F I L E D
Electronically
CR18-1944
2020-05-28 08:13:30 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7896078

1   3060

2

3

4

5

6            IN THE SECOND JUDICIAL DISTRICT COURT OF
7              THE STATE OF NEVADA IN AND FOR THE
                     COUNTY OF WASHOE
8

9   RAHIM MUHAMMAD,

10                 Petitioner,

11       vs.                                Case No.:    CR18-1944

12                                          Dept. No.:      1

13  ISIDRO BACA, WARDEN, & THE STATE OF
    NEVADA,
14

15                 Respondents.

16           **ORDER GRANTING MOTION TO DISMISS**

17       Currently before the Court is the State of Nevada's *Motion to Dismiss* ("Motion") filed March

18  30, 2020.  On April 6, 2020, Petitioner Rahim Muhammad ("Petitioner") filed an *Opposition to

19  Motion to Dismiss: Petition & Supplemental Petition for Writ of Habeas Corpus (Post-Conviction)*.

20  On April 13, 2020, the State of Nevada filed a *Reply in Support of Motion to Dismiss* and submitted

21  the Motion to the Court for consideration.

22       **I.    Background**

23       Petitioner pled guilty to robbery and was sentenced to a minimum term of sixty (60) months

24  imprisonment and a maximum term of one-hundred-eighty months imprisonment.  *Judgment of

25  Conviction* at 1:16–22.  Petitioner filed a notice of appeal on July 18, 2019, but later voluntarily

26  withdrew that appeal on September 4, 2019. Mot. at 2:6–9.  On September 30, 2019, Petitioner filed

27  the *Petition for Writ of Habeas Corpus (Post-Conviction)* ("Petition").  After being appointed

28

                              1

1  counsel, he subsequently filed a *Supplemental Petition for Writ of Habeas Corpus (Post-Conviction)*

2  ("Supplemental Petition") on January 30, 2020. *Id.* at 2:10–13.

3      **II.   Relevant Legal Authority**

4      NRS 34.810(1)(a) provides in relevant part:

5  
6      1.   The court shall dismiss a petition if the court determines that:
    (a) The petitioner's conviction was upon a plea of guilty or guilty but

7      mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without

8      effective assistance of counsel.

9      Application of the procedural default rules to post-conviction petitions for writs of habeas

10  corpus is mandatory and cannot be waived by the parties. *State v. Haberstroh*, 119 Nev. 173, 180,

11  69 P.3d 676, 681 (2003). A district judge has a duty to consider whether any or all of the claims made

12  are procedurally barred, and the failure to do so is an abuse of discretion. *State v. Eighth Judicial*

13  *District Court*, 121 Nev. 225, 230, 112 P.3d 1070, 1074 (2005). As the Nevada Supreme Court has

14  stated, the Nevada Legislature never intended for petitioners to have multiple opportunities to obtain

15  post-conviction relief absent extraordinary circumstances. *Pelligrini v. State*, 117 Nev. 860, 876, 34

16  P.3d 519, 530 (2001) (*abrogated on other grounds*).

17      **III.   Analysis**

18      The State argues that NRS 34.810(1)(a) is a mandatory procedural bar that precludes both the

19  Petition and Supplemental Petition in this case because the alleged deficiencies do not pertain to the

20  voluntariness or knowledge of Petitioner's plea or the effectiveness of his counsel in entering his plea.

21  Mot. At 3:3–13. The State alleges that ground one of the Petition and Supplemental Petition alleges

22  both of Petitioner's counsel, Jarrod Hickman and David Neidert, were ineffective for failing to

23  investigate or provide mitigating information at sentencing. *Id.* at 3:3–9. The State further alleges

24  that ground two of the Petition reasserts ground one as to Mr. Neidert because he allegedly failed to

25  complete a full investigation before sentencing. *Id.* at 3:14–19.

26      Petitioner argues that the general standard that a petitioner has a right to a postconviction

27  evidentiary hearing when the petitioner asserts claims supported by specific factual allegations not

28  belied by the record that, if true, would entitle him to relief, should control this Court's analysis. Opp.

1   at 2:10–15. Petitioner contends he seeks a hearing, and if this Court agrees with the State's application

2   of NRS 34.810(1)(a) it would render the sentencing proceeding a nullity, be contrary to constitutional

3   caselaw, and conflict with the United States Constitution. *Id.* at 2:22–3:2. Petitioner states the

4   application of NRS 34.810(1)(a) would violate Petitioner's constitutional rights. *Id.* at 3:11–13.

5   Petitioner points out the State has failed to cite any published opinion from the Nevada Supreme

6   Court that agrees with its interpretation because no such caselaw exists. *Id.* at 3:13–17. Petitioner

7   argues that Nevada courts have held that counsel has a duty to make reasonable investigations and

8   effectively represent defendants at the sentencing stage. *Id.* at 3:20–4:7. Petitioner contends the

9   State's argument cannot withstand constitutional review because of a litany of federal cases that have

10  held that reasonable investigation and presentation of mitigation evidence is required at the sentencing

11  stage. *Id.* at 4:17–6:19. Petitioner emphasizes that applying NRS 34.810(1)(a) as a mandatory

12  procedural bar to all claims that do not relate to the nature and entry of the guilty plea ignores standing

13  constitutional law. *Id.* at 6:19-21. Petitioner argues the reason the State cannot find a case

14  interpreting NRS 34.810(1)(a) in this manner is because it would violate the Sixth and Fourteenth

15  Amendments. *Id.* at 7:24–27. Petitioner contends the State's interpretation would render the right to

16  counsel at the critical stage of sentencing null. *Id.* at 8:1–8. Petitioner maintains he should be allowed

17  to proceed to an evidentiary hearing on the claims he raised herein. *Id.* at 9:1–2.

18      The State maintains the cases cited by the Petitioner are readily distinguishable and that

19  because post-conviction petitions for writs of habeas corpus are creatures of statute, the legislature

20  may limit the types of claims that can be raised. Reply at 1:21–2:16. The State points out that with

21  the exception of two of the cases cited by Petitioner, none of them were the result of guilty pleas. *Id.*

22  at 2:21–3:16. With regard to *Strickland*, the defendant pled guilty to all charges against his counsel's

23  advice and waived his right to an advisory jury at the capital sentencing hearing, defense counsel

24  presented very little evidence at sentencing, and did not cross-examine the medical experts called by

25  the State, and the case was not applying Nevada law. *Id.* at 2:23–3:23. In regards to *Kirksey*, the

26  Nevada Supreme Court only examined the reasonableness of defense counsel's pre-plea actions. *Id.*

27  at 3:23–24. The State points out several of the cases Petitioner cites deal with pre-plea ineffective

28  assistance and do not involve effectiveness of counsel at sentencing so they are distinguishable from

1   this case. *Id.* at 3:17–4:2. The State also points out that in unpublished decisions the Nevada Supreme

2   Court has acknowledged NRS 34.810(1)(a) limits the scope of post-conviction writs of habeas corpus

3   in which the petitioner pled guilty. *Id.* at 5:1–9.

4         Having reviewed the pleadings on file and having reviewed the facts and legal support set

5   forth therein, this Court finds good cause to grant the Motion. This Court finds that the plain language

6   of NRS 34.810(1)(a) unambiguously restricts the scope of the relief available to petitioners who file

7   habeas corpus petitions after a guilty plea. The Nevada Supreme Court has held that "[t]he legislature

8   may . . . impose a reasonable regulation on the writ of habeas corpus, so long as the traditional efficacy

9   of the writ is not impaired." *Passanisi v. Dir., Nevada Dep't of Prisons,* 105 Nev. 63, 66, 769 P.2d

10   72, 74 (1989) (citing *Grego v. Sheriff,* 94 Nev. 48, 574 P.2d 275 (1978)). This Court is not persuaded

11   that NRS 34.810(1)(a) impairs the traditional efficacy and as such is a reasonable regulation on the

12   writ of habeas corpus. *Id.* In an unpublished opinion in 2018, the Nevada Supreme Court recognized

13   the scope of a post-conviction writ of habeas corpus is limited, "[b]ecause Mack's conviction arises

14   from a guilty plea to murder and an Alford plea to attempted murder, he was limited to raising claims

15   that the plea was entered involuntarily or unknowingly or without the effective assistance of counsel."

16   *Mack v. State,* Case No. 69225, 2018 WL 366896, *1 (Nev. 2018) (citing NRS 34.810(1)(a)).

17         The structure of NRS 34.810(1)(a) provides this Court a clear and unambiguous directive.

18   This Court shall dismiss a petition for habeas corpus if the conviction was based on a guilty plea

19   unless one of two narrow exceptions apply: (1) the petition is based upon an allegation that the plea

20   was involuntary or unknowingly entered; or (2) the petition argues the plea was entered without the

21   effective assistance of counsel. NRS 34.810(1)(a). The language restricts the right of petitioners to

22   rely upon a petition for habeas corpus to challenge anything about the process of their conviction

23   other than certain aspects of the plea. *Id.* Importantly, the plea is the object of both exceptions. *Id.*

24   In this case, Petitioner is only challenging the ineffective assistance of counsel at the sentencing stage

25   of his case, not the plea or the effective assistance of counsel at the plea stage. Therefore, the

26   exceptions do not apply and NRS 34.810(1)(a) functions as a mandatory procedural bar to Petitioner's

27   claims.

28   ///

1        This Court is not persuaded by Petitioner's arguments that this application of the statute denies

2  him fundamental constitutional rights. The standard, as explained by the Supreme Court of the United

3  States in *Hill v. Lockhart*, provides that "the defendant must show that there is a reasonable

4  probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

5  on going to trial . . ." 474 U.S. 52, 59 (1985). As such, NRS 34.810(1)(a) is a codification and

6  application of that principle and must be followed by this Court. Even if this Court was persuaded

7  by Petitioner's arguments, the Nevada Legislature has placed a mandatory restriction that bars

8  Petitioner's challenge that this Court cannot ignore.

9        Further, Mr. Muhammad's Supplemental Petition recognizes that a hearing is not required if

10  factual allegations are belied by the record. Supp. Pet. at 2:19-21. The Supplemental Petition

11  contends that Mr. Muhammad's counsel Mr. Hickman, lost documents that should have been

12  provided to Mr. Neidert, the counsel who represented him at the sentencing, since these documents

13  would have caused this Court to impose a more lenient sentence. *Id.* at 6:8-10. These documents

14  would have informed this Court that Mr. Muhammad was attending college, bettering himself

15  educationally, and that he enjoyed the support of his family and the community. *Id.* at 6:16-22. They

16  consist of letters from educated members of this community who would have voiced support for Mr.

17  Muhammad. *Id.* at 6:23-26. They would have shown that he "protested in Venezuela to help others,"

18  made many friends during his protests, voted in 2018 for the first time, and worked on a campaign

19  for London Breed, the first African American Mayor of San Francisco. *Id.* at 7:4-18.

20        However, the allegations that this information was not presented to this Court is belied by the

21  record in this case. While Mr. Muhammad may not have previously presented these exact documents,

22  the argument advanced by the Supplemental Petition ignores the extensive information that was

23  presented to this Court in the Statement Regarding Sentencing ("Statement") filed on June 28, 2019

24  by Mr. Neidert in advance of Mr. Muhammad's sentencing. The Statement provided Mr.

25  Muhammad's reasons for leaving this country for Venezuela for twenty-six (26) months during the

26  pendency of his case, the history of the birth of his daughter in Venezuela and his need to establish

27  that he was her father, his education at City College of San Francisco as a student and voting rights

28  activist and his efforts to better himself in custody while awaiting sentencing through parenting and

1  anger management classes. Stmt. at 2:1-3:3. Attached to the Statement are numerous Exhibits that

2  consist of verification of the contents of the Statement to include character letters and Mr.

3  Muhammad's City College of San Francisco identification card. The Exhibits also include the

4  evaluations that Mr. Neidert secured from Mr. Muhammad in advance of sentencing to include

5  substance abuse and psychological and an admission letter to the Salvation Army's Rehabilitation

6  Program. Accordingly, the argument that this Court was not in possession of the documents that Mr.

7  Muhammad claims were lost is belied by the record. While this Court did not have the photos of him

8  protesting in Venezuela or campaigning for Ms. Breed, this Court was otherwise in possession of the

9  information that Mr. Muhammad claims was absent.

10        The Supplemental Petition also argues that "[t]o date, this office has received support for Mr.

11  Muhammad from 5 individuals who wish to provide support for Mr. Muhammad at the evidentiary

12  hearing." *Id.* at 6:11-15 (Emphasis added). Importantly, these individuals have come forward *after*

13  the imposition of the sentence by this Court. There is no allegation in the Supplemental Petition that

14  Mr. Muhammad's sentencing counsel failed to call these people at the sentencing; just that they would

15  now like to speak on his behalf. If this Court were to set an evidentiary hearing for the purpose of

16  allowing Mr. Muhammad to present their testimony, it would be the equivalent of resentencing him,

17  which is simply not permitted by law.

18        Based upon the foregoing and good cause appearing,

19        IT IS HEREBY ORDERED that the State's *Motion to Dismiss* is GRANTED.

20        IT IS SO ORDERED.

21        DATED this 28th day of May, 2020.

22

23        KATHLEEN DRAKULICH
          DISTRICT JUDGE
24

25

26

27

28

**CERTIFICATE OF SERVICE**

CASE NO. CR18-1944

 I certify that I am an employee of the SECOND JUDICIAL DISTRICT COURT of the STATE OF NEVADA, COUNTY OF WASHOE; that on the 28th day of May, 2020, I electronically filed the **ORDER GRANTING MOTION TO DISMISS** with the Clerk of the Court by using the ECF system.

 I further certify that I transmitted a true and correct copy of the foregoing document by the method(s) noted below:

**Electronically filed with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:**

 KEVIN NAUGHTON, ESQ. for STATE OF NEVADA

 KARLA BUTKO, ESQ. for RAHIM MUHAMMAD (TN)

**Deposited to the Second Judicial District Court mailing system in a sealed envelope for postage and mailing by Washoe County using the United States Postal Service in Reno, Nevada: [NONE]**

Department 1 Judicial Assistant

LEGAL MAIL
CONFIDENTIAL

Rahim Muhammad #80707
LCC
1200 Prison Road
Lovelock, NV 89419

LEGAL MAIL
CONFIDENTIAL

3:22-cv-00142

J-2

United States District Court
District of Nevada
Clerk of Court
400 South Virginia Street em301
Reno, Nevada 89501

LOVELOCK CORRECTIONAL CENTER

US POSTAGE
$ 003.36°