# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAHIM MUHAMMAD, | Case No. 3:22-cv-00142-RCJ-CLB |
| Petitioner, | **ORDER** |
| v. | |
| TIM GARRETT, et al., | |
| Respondents. | |

This *pro se* habeas petition comes before the Court on petitioner's motion for appointment of counsel (ECF No. 14).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

The petition in this case is sufficiently clear in presenting the issues that petitioner wishes to raise, and the issues are not complex. Petitioner's assertion that he would be better able to litigate his petition with appointed counsel is not a basis for appointing counsel. And Petitioner's assertion that he does not "have a high I.Q., and [his] critical and analytical skills are substandard" (ECF No. 14 at 6) appears to be contradicted by his statement in ground 1 his petition, a claim discussing,

in part, his trial counsel's alleged ineffectiveness at his sentencing hearing, where Petitioner explains that his "character letters would have attested to [his] . . . academic participation in several colleges." (ECF No. 12 at 3.) Therefore, the Court concludes that counsel is not justified in this case, and the motion for appointment of counsel will be denied.

It is therefore ordered that petitioner's motion for appointment of counsel (ECF No. 14) is denied.

It is further ordered that the deadlines imposed by this Court's April 7, 2022, scheduling order (ECF No. 11) will remain.

Dated:  July 21, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT